UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Civil Action No: 1:14-cv-23181-DPG

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY | ) |
| COMMISSION | ) |
| Plaintiff, | ) |
| | ) |
| MARIA AGUILAR, | ) |
| ANA FRANCISCO, | ) |
| BRIGIDA GOMEZ-VELASQUEZ, | ) |
| SANDRA LOPEZ, | ) |
| And LIGIA MARTINEZ, | ) |
| Plaintiffs/Intervenors, | ) |
| v. | ) |
| | ) |
| MORENO FARMS, INC. | ) |
| Defendant. | ) |
| _____ | ) |

## PLAINTIFFS-INTERVENORS' MOTION
## FOR DEFAULT JUDGMENT AGAINST DEFENDANT MORENO FARMS, INC.

Plaintiffs-Intervenors, Maria Aguilar, Ana Francisco, Brigida Gomez-Velazquez, Sandra

Lopez, and Ligia Martinez (jointly referred as "Plaintiffs-Intervenors"), hereby move pursuant to

this Court's Order of November 19, 2014 (Docket Entry 20), and Federal Rule of Civil

Procedure 55(b)(2) for entry of an order finding Defendant Moreno Farms, Inc. ("Moreno

Farms") liable by default as to Plaintiffs-Intervenors' claims under Title VII of the Civil Rights

Act of 1964, 42 U.S.C. § 2000e *et seq.*, along with additional state law claims for assault and

battery. Additionally, upon entry of an order establishing Defendant's liability, Plaintiffs-

Intervenors request that the Court empanel a jury to determine the amount of backpay,

compensatory damages, and punitive damages to be awarded to Plaintiffs-Intervenors. As grounds for the motion, Plaintiffs-Intervenors state as follows:

## PROCEDURAL HISTORY

The Plaintiffs-Intervenors filed their complaint against Moreno Farms on September 11, 2014. (Docket Entry 6).  The complaint sought relief under Title VII of the Civil Rights Act of 1964 and state common law on behalf of the five Plaintiffs-Intervenors, who were forced to endure unlawful sexual conduct and sexual harassment at the hands of their direct supervisor, Omar Moreno, his assistant, Javier Garcia, and/or Moreno's brother, Oscar Moreno.   The Plaintiffs-Intervenors claimed that these actions created a hostile work environment, with the acts of sexual harassment including frequent sexual comments, bodily touching, and rape.  Plaintiffs-Intervenors Aguilar, Lopez, Francisco, and Martinez were terminated and Plaintiff-Intervenor Gomez-Velazquez was constructively discharged in retaliation for opposing sexual harassment.

Defendant Moreno Farms was served with the Plaintiffs-Intervenors' complaint on September 15, 2014. Moreno Farms never appeared and default was entered against it on November 18, 2014. (Docket Entry 19).[1] For the reasons set forth below, this Court should enter an Order finding Defendant liable for the claims asserted in Plaintiff-Intervenors's complaint and empanel a jury to determine damages.

## I.      DEFAULT JUDGMENT IS WARRANTED AS TO LIABILITY

Under Fed.R.Civ.P. 55, entry of a default judgment is appropriate against a defendant who has failed to appear or otherwise acknowledge the pendency of a lawsuit. Rule 55 establishes a two-step process for obtaining a default judgment. First, when a defendant fails

---

[1] On November 25, 2014, Plaintiff EEOC filed a similar motion requesting this court to grant a default judgment against Defendant Moreno Farms and to set this case for trial to determine the charging parties' damages. (Docket Entry 22).  Plaintiffs-Intervenors support the EEOC's motion.

to plead or otherwise defend the lawsuit, the clerk of court is authorized to enter a clerk's default against the defendant. Fed.R.Civ.P. 55(a). Once default has been entered against a defendant, the plaintiff's allegations of fact are accepted as true. *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009); *Miller v. Paradise of Port Richey, Inc.*, 75 F.Supp.2d 1342, 1346 (M.D. Fla. 1999) ("Liability, if well-pleaded, is established by virtue of a default").  If the well-pleaded factual allegations of the complaint provide a sufficient legal basis for each claim, the court may enter a default judgment against defendants. Fed. R. Civ. P. 55(b).

Second, after receiving the clerk's default, if the plaintiff's claim is not for a sum certain and the defendant is not an infant or an incompetent person, then the court may enter a default judgment against the defendant for not appearing. Fed.R.Civ.P. 55(b)(2). A default judgment may be entered "against a defendant who never appears or answers a complaint, for in such circumstances the case never has been placed at issue." *Solaroll Shade and Shutter Corp., Inc. v. Bio–Energy Sys., Inc.,* 803 F.2d 1130, 1134 (11th Cir.1986).

Plaintiffs-Intervenors have satisfied this two-step process. First, Plaintiffs-Intervenors obtained a clerk's default for Moreno Farms' failure to appear. (Docket Entry 19). The well-pleaded facts in Plaintiffs'Intervenors's complaint provide a sufficient basis for the entry of a default judgment holding Moreno Farms liable for creating a sexually hostile work environment with respect to all Plaintiffs-Intervenors; for unlawfully terminating Plaintiffs-Intervenors Aguilar, Lopez, Francisco, and Martinez in retaliation for opposing sexual harassment; for constructively discharging Plaintiff-Intervenor Gomez-Velazquez in retaliation for opposing sexual harassment; for assaulting Plaintiffs-Intervenors Aguilar, Lopez, and Gomez-Velazquez; and for committing battery against Plaintiffs-Intervenors Francisco and Martinez.

### A.  Liability for sexually hostile work environment

To prove a hostile work environment, a plaintiff must show (1) that he or she belongs to a protected group; (2) that the employee has been subject to unwelcome sexual harassment, such as sexual advances, requests for sexual favors, and other conduct of a sexual nature; (3) that the harassment must have been based on the employee's sex; (4) that the harassment was sufficiently severe or pervasive to alter the terms and conditions of employment and create a discriminatorily abusive working environment; and (5) a basis for holding the employer liable. *Reeves v. C.H. Robinson Worldwide, Inc.*, 594 F.3d 798, 808 (11th Cir. 2010) (citing *Mendoza v. Borden, Inc.*, 195 F.3d 1238, 1245 (11th Cir.1999) (en banc) (citation omitted)).

Plaintiffs-Intervenors were all members of a protected class by virtue of their sex. Specific facts alleged in their complaint, as admitted upon default, indicate that each Plaintiff-Intervenor was subjected to, *inter alia*, frequent sexual comments, bodily touching, pressure and threats to have sex, and/or rape. *See* Plaintiffs-Intervenors' Complaint (Docket Entry 6), ¶¶ 21-25, 31-32, 39-41, 50-51, 58-60. This conduct was unwelcomed as to each Plaintiff-Intervenor, *id.*. ¶¶ 26-27, 32-35, 40-41, 43, 50-51, 59-60, and was perceived as such by the women. *Id.,* ¶¶ 23-27, 31-34, 40-46, 51, 59-60.  It was sufficiently "severe or pervasive enough to create an objectively hostile or abusive work environment—an environment that a reasonable person would find hostile or abusive," *Moye v. Fleming Co., Inc.,* 924 F.Supp. 1119, 1126 (M.D.Ala. 1996)

Moreno Farms is responsible for this unlawful conduct. All three harassers were supervisors at the company's packinghouse facility, holding high positions that provided them with the ability to take tangible employment actions against the Plaintiffs-Intervenors. *See* Plaintiffs-Intervenors' Complaint (Docket Entry 6), ¶¶ 10-14. *See also Vance v. Ball State Univ.*,

133 S. Ct. 2434, 2443 (2013) (a tangible employment action includes the ability "to effect a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits.")  In his capacity as packinghouse general manager, Omar Moreno had the ability not only to fire the Plaintiffs-Intervenors, *See* Plaintiffs-Intervenors' Complaint (Docket Entry 6),  ¶¶ 25, 27, 35, 54, 63, but to offer them more hours of work, or reassign them to different responsibilities, *id.,* ¶¶ 26, 32, 39-40, 42, 51, 53, 62.  While Garcia was only a supervisor for the packing house, he still exercised authority to fire, reprimand or reassign the Plaintiffs-Intervenors, and his harassment of the women was both permitted and encouraged by Omar Moreno.  *Id.,* ¶¶ 13, 32, 62.  Oscar Moreno was the operations manager for the farm field adjacent to the packing house and was known to the employees for being the son of the company's owner.  *Id.,* ¶¶ 14-15. There are sufficient admitted facts to establish that Moreno Farms management was aware of Oscar Moreno's harassment and unlawful actions, in part because general manager Omar Moreno helped set up Plaintiff-Intervenor Gomez-Velazquez for her rape by Oscar Moreno. *Id.,*¶¶ 17, 43. The hostile work environment in this case was so pervasive, with all of the packinghouse supervisors so inextricably intertwined, that the company owner, Oscar B. Moreno, had constructive knowledge of the situation. *See Splunge v. Shoney's, Inc.,* 97 F.3d 488, 490 (11th Cir. 1996).

## B.  Retaliatory termination and constructive discharge

Title VII prohibits retaliation by an employer where an individual has engaged in protected activity, making it unlawful for an employer:

> "[T]o discriminate against any of his employees ... because he has opposed any practice made an unlawful employment practice by this subchapter, or

because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

42 U.S.C. § 2000e−3(a). To establish a prima facie case of retaliation under Title VII, the Plaintiff-Intervenors must prove that: (1) they each participated in an activity protected by Title VII, (2) suffered an adverse employment action, and (3) a causal connection existed between the participation in the protected activity and the adverse employment decision. *Gupta v. Florida Bd. of Regents,* 212 F.3d 571, 586 (11th Cir.2000); 42 U.S.C. § 2000e−3(a).

Specific facts alleged in the complaint demonstrate that each of the five Plaintiffs-Intervenors engaged in a protected activity under Title VII by complaining about, resisting, or otherwise opposing the sexually hostile work environment, including their refusal to engage in, and expressing opposition to, unwanted sexual advances. *See* Plaintiffs-Intervenors' Complaint (Docket Entry 6), ¶ 24-27, 31-32, 35, 40-41, 46, 50-51, 54, 59-60, 63.  The Plaintiffs-Intervenors have also alleged, and the Defendant has admitted through its default, that they each suffered an adverse employment action, *i.e.*, they were each terminated or constructively discharged when they complained about the sexual harassment. *Id.,* ¶¶ 26-27, 32, 35, 53-54, 62-63.

Specific facts in the complaint also indicate that Plaintiff-Intervenor Brigida Gomez-Velazquez was constructively discharged. *Id.,*¶¶ 44-46. for purposes of employment discrimination action, A constructive discharge can result, when employer deliberately makes employee's working conditions so intolerable that employee is forced into involuntary resignation. *Henson v. City of Dundee,* 682 F.2d 897, 907 (11th Cir.1982); *Walton v. Johnson & Johnson Services, Inc.,* 347 F.3d 1272, 1282 (11th Cir. 2003) (to succeed on a Title VII sexual harassment claim based on constructive discharge, an employee must show that her working conditions were so difficult that a reasonable person would have felt compelled to resign.) Plaintiff-Intervenor Gomez-Velazquez resigned following her rape by Oscar Moreno, Plaintiffs-

Intervenors' Complaint (Docket Entry 6), ¶ 43, and for being subjected to frequent unwelcomed sexual comments and inappropriate touching by Omar Moreno and Javier Garcia. *Id.*. ¶¶ 39-41. This sort of unlawful behavior can objectively be found by a reasonable person to be intolerable, resulting in Ms. Gomez-Velazquez constructive discharge. *See Hukkanen v. Int'l Union of Operating Engineers*, 3 F.3d 281, 285 (8th Cir. 1993) (finding constructive discharge where employee resigned when her supervisor propositioned employee, touched her, and threatened to rape her).

Finally, the Plaintiffs-Intervenors must establish a causal connection between the protected activity and the adverse action, showing that the decision-makers were aware of the protected conduct and that "there was close temporal proximity between this awareness and the adverse employment action." *Singh v. Green Thumb Landscaping, Inc.,* 390 F.Supp.2d 1129, 1140 (M.D. Fla. 2005) (citing *Farley v. Nationwide Mut. Ins. Co.,* 197 F.3d 1322, 1337 (11th Cir.1999)).  There was a close temporal proximity between each of the Plaintiffs-Intervenors' protected activity and their dismissal or constructive discharge from work.  *See* Plaintiffs-Intervenors' Complaint (Docket Entry 6),  ¶¶ 25-27 (Plaintiff-Intervenor Aguilar assigned to more physically demanding and strenuous work after her refusal to have sex with Oscar Moreno, resulting in termination 24 hours later); ¶¶ 32-35 (Plaintiff-Intervenor Lopez continuously harassed and terminated after her rape); ¶¶ 39-46 (Plaintiff-Intervenor Gomez-Velazquez constructively discharged from her employment after being subjected to frequent harassment and unwelcome sexual comments by Garcia, and of rape by Oscar Moreno, which Omar Moreno facilitated); ¶¶ 50-54 (Plaintiff-Intervenor Francisco terminated despite supervisor acknowledging her good performance after consistently rejecting Omar Moreno's sexual advances, improper touching and refusal to have sex with him); and ¶¶ 58-63 (Plaintiff-

Intervenor Martinez terminated after consistently rejecting Javier Garcia's unwelcomed sexual advances and improper touching).

There was close temporal proximity between the protected activity and the adverse employment action taken against each of the Plaintiffs-Intervenors.   Omar Moreno, in his capacity as the general manager of Moreno Farms' packinghouse, learned of the protected activity *before* he fired and/or constructively discharged each of the Plaintiffs-Intervenors; he was either the actual perpetrator or facilitator of the sexual harassment or rape committed against each of the Plaintiffs-Intervenors.   He was aware that the Plaintiffs-Intervenors had been subjected to sexual harassment or rape by their supervisors yet took no remedial steps to prevent these unlawful acts from happening before the women were fired. *See* Plaintiffs-Intervenors' Complaint (Docket Entry 6), ¶¶ 25-27, 32-35, 39-46, 50-54, 58-63. *See also Thomas v. Cooper Light., Inc.,* 506 F.3d 1361, 1364 (11th Cir.2007); *Brungart v. BellSouth Tellcomm., Inc.,* 231 F.3d 791, 799 (11th Cir.2000) ("The general rule is that close temporal proximity between the employee's protected conduct and the adverse employment action is sufficient circumstantial evidence to create a genuine issue of material fact of a causal connection.").

### C.  Assault

Under Florida law, civil assault is the apprehension of immediate, harmful or offensive contact with the plaintiff's person, caused by acts intended to result in such contacts. *Wynn v. City of Lakeland*, 727 F.Supp.2d 1309, 1315 M.D.Fla, 2010) (citing *Doe v. Evans,* 814 So.2d 370, 379 (Fla.2002)). Here, Omar Moreno, Javier Garcia and Oscar Moreno's intentional threats of unlawful offensive contact and/or rape, coupled with their ability to carry out these threats created in the Plaintiffs-Intervenors a subjective fear of imminent violence.   *See* Plaintiffs-

Intervenors' Complaint (Docket Entry 6), ¶¶ 25, 32, 43.  Plaintiff-Intervenor Maria Aguilar was inappropriately touched without her consent and eventually forced to have sex with Omar Moreno inside the packinghouse office trailer despite her objections.  *Id.,* ¶¶ 20-21, 24-25. Plaintiff-Intervenor Sandra Lopez was raped by Javier Garcia despite her pleas and attempts to stop the rape. *Id.*, ¶ 32.  Plaintiff-Intervenor Brigida Gomez-Velazquez was inappropriately touched by Omar Moreno and raped by Oscar Moreno.  *Id.,* ¶¶ 39, 43.

### D.  <u>Battery</u>

To recover for civil battery, a plaintiff must show that tortfeasor made some form of harmful or offensive contact and that he intended to cause the contact. *Loos v. Club Paris, LLC*, 684 F.Supp.2d 1328, 1335 (M.D.Fla, 2010) (citing *Martinez v. Pavex Corp.,* 422 F.Supp.2d 1284, 1298 (M.D.Fla.2006)). Here, Plaintiff-Intervenor Ana Francisco was subjected to offensive touching when Omar Moreno forcibly dragged her out of a vehicle, took her inside the packinghouse office trailer and demanded she put a condom on his genitals. *See* Plaintiffs-Intervenors' Complaint (Docket Entry 6), ¶ 51.  Supervisor Garcia subjected Plaintiff-Intervenor Ligia Martinez to offensive touching on a number of occasions, touching her buttocks or putting his arm around her waist. *Id.*, ¶ 58.  On one occasion Garcia attempted to rape Martinez by grabbing her hands, kissing her by force and touching her breasts. *Id.*, ¶ 60.

### II. DAMAGES SHOULD BE DECIDED BY A JURY

The Federal Rules of Civil Procedure authorize the court to conduct a hearing to determine the amount of damages when a plaintiff's claim is for a uncertain sum and a demand for jury trial has not been withdrawn by consent of the parties, thus, giving the jury the final

determination of damages. Fed.R.Civ.P. 55(b)(2); Fed.R.Civ.P.38(d); *see also Banks v. SFRC Med. Dep't Officials*, No. 09-20203, 2011 WL 900544, at *4 (S.D. Fla. Feb. 25, 2011) (citations omitted); *Abernathy v. Church of God*, No. 11-CV-2761-VEH, 2013 WL 2248286, at *1 (N.D.Ala. May 22, 2013).

The Plaintiffs-Intervenors have demanded a jury trial pursuant to 42 U.S.C. § 1981A(c). *See* Plaintiffs-Intervenors' Complaint (Docket Entry 6), ¶ 94 and neither party has consented to a withdrawal of that demand.  A jury trial is needed  to determine the amount of damages to be awarded. *See Abernathy*, 2013 WL 224828, at * 2. Because two of the Plaintiffs-Intervenors (Maria Aguilar and Brigida Gomez-Velazquez) are migrant workers who are presently residing outside of the United States, and Plaintiff-Intervenor Sandra Lopez migrates each year to harvest crops outside of Florida, the Plaintiffs-Intervenors request that the Court provide at least eight to nine month advance notice of the trial date.  This will allow time for the Plaintiffs-Intervenors to be examined by an expert witness as to the emotional damages they have suffered as a result of the brutal acts of abuse they suffered while employed by Moreno Farms.  In addition, by providing this much lead time, arrangements can be made to enable Plaintiffs-Intervenors to attend the trial, including obtaining visas for Maria Aguilar and Brigida Gomez-Velazquez to enter the United States for the purposes of providing trial testimony.

WHEREFORE, Plaintiffs-Intervenors respectfully request the that Court enter a default judgment against Defendant Moreno Farms, Inc., in accordance with Federal Rule of Civil Procedure 55(b)(2) with respect to liability under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* and additional state law claims for assault and battery for: (1) a sexually hostile work environment with respect to all Plaintiffs-Intervenors; (2) the termination of Plaintiffs-Intervenors Aguilar, Lopez, Francisco, and Martinez based on their sex and in retaliation for opposing sexual harassment; (3) constructively discharging Plaintiff-Intervenor Gomez-Velazquez based on her sex

- 10 -

and in retaliation for opposing sexual harassment; (4) for committing assault against Plaintiffs-Intervenors Maria Aguilar, Sandra Lopez, and Brigida Gomez-Velazquez, and (5) for committing battery against Plaintiffs-Intervenors Ana Francisco and Ligia Martinez. Plaintiffs-Intervenors also request that the Court schedule a jury trial with respect to damages no sooner than eight months from today.

Date: December 26th, 2014                          Respectfully Submitted,

                                                   */s/ Victoria Mesa-Estrada*
                                                   Victoria Mesa-Estrada
                                                   Florida Bar Number 076569
                                                   e-mail: Victoria@Floridalegal.Org

                                                   */s/ Gregory S. Schell*
                                                   Gregory S. Schell
                                                   Florida Bar Number 287199
                                                   e-mail: Greg@Floridalegal.Org

                                                   FLORIDA LEGAL SERVICES, INC.
                                                   508 Lucerne Avenue
                                                   Lake Worth, Florida 33460-3819
                                                   Telephone: (561) 582-3921
                                                   Facsimile: (561) 582-4884

                                                   *Attorneys for Plaintiffs/Intervenors*

## CERTIFICATE OF SERVICE

I hereby certify that on December 26th, 2014, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                                   */s/ Victoria Mesa-Estrada*
                                                   Victoria Mesa-Estrada

- 11 -

**SERVICE LIST**

*EEOC v. Moreno Farms, Inc.*
Case No. 1:14-cv-23181-DPG
United States District Court
Southern District of Florida
Miami Division

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

U.S. Equal Employment Opportunity
Commission
131 M Street, N.E.
Washington, D.C. 20507

ROBERT E. WEISBERG
Regional Attorney

KIMBERLY A. McCOY-CRUZ
Supervisory Trial Attorney

BEATRIZ BISCARDI ANDRE
Trial Attorney
New York Bar No. 4394599
Tel: 305-808-1753
Fax: 305-808-1835
beatriz.andre@eeoc.gov

DANIEL SELTZER
Trial Attorney
New York Bar. No. 5081179
Massachusetts Bar No. 680997
Tel: 305-808-1786
Fax: 305-808-1835
daniel.seltzer@eeoc.gov

U.S. Equal Employment Opportunity
Commission
Miami District Office
100 S.E. 2nd Street, Suite 1500
Miami, Florida 33131