IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
Miami Division

1:14-cv-23181-DPG

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | )<br>)<br>) |
| Plaintiff, | ) |
| and | )<br>) |
| MARIA AGUILAR,<br>ANA FRANCISCO,<br>BRIGIDA GOMEZ-VELASQUEZ,<br>SANDRA LOPEZ,<br>And LIGIA MARTINEZ, | )<br>)<br>)<br>)<br>) |
| Plaintiff-Intervenors, | )<br>) |
| vs. | )<br>) |
| MORENO FARMS, INC., | )<br>) |
| Defendant. | ) |

PLAINTIFF AND PLAINTIFF-INTERVENORS' JOINT MOTION
FOR FINAL JUDGMENT

Pursuant to Rules 54(c) and 58(b)(2)(A) of the Federal Rules of Civil Procedure, Plaintiff the Equal Employment Opportunity Commission ("EEOC") and Plaintiff-Intervenors Maria Aguilar, Ana Francisco, Brigida Gomez-Velazquez, Sandra Lopez, and Ligia Martinez ("Plaintiff-Intervenors") (collectively "the Plaintiffs") file this motion requesting the Court grant Plaintiffs a final judgment and approve the form of the judgment as provided in Exhibit A. In support, Plaintiffs state as follows:

I.      BACKGROUND

A jury trial took place on September 8 and 9, 2015. D.E. # 38-41. After deliberations, D.E. # 40-41, the jury returned a verdict awarding damages to each of the Plaintiff-Intervenors, D.E. # 43. The jury's verdict contained answers to written questions, which are summarized below:

|  | Compensatory Damages | Punitive Damages for Violations of Federal Law | Punitive Damages for Violations of State Law |
|---|---|---|---|
|  | That [Plaintiff-lntervenor] should be awarded damages to compensate for emotional pain and mental anguish? | That punitive damages should be assessed against Moreno Farms for sexually harassing [Plaintiff-Intervenor], and for discharging [Plaintiff-Intervenor] on the basis of her sex and in retaliation for opposing sexual harassment? | State the amount of punitive damages to be assessed against Moreno Farms for its assault and battery of [Plaintiff-Intervenor]. |
| Ligia Martinez | Yes, in the amount of $350,000 [Question 1] | Yes, in the amount of $2,000,000 [Question 2] | $1,000,000 [Question 3] |
| Maria Aguilar | Yes, in the amount of $750,000 [Question 4] | Yes, in the amount of $2,000,000 [Question 5] | $1,000,000 [Question 6] |
| Brigida Gomez-Velazquez | Yes, in the amount of $500,000 [Question 7] | Yes, in the amount of $2,000,000 [Question 8] | $1,000,000 [Question 9] |
| Sandra Lopez | Yes, in the amount of $450,000 [Question 10] | Yes, in the amount of $2,000,000 [Question 11] | $1,000,000 [Question 12] |
| Ana Francisco | Yes, in the amount of $375,000 [Question 13] | Yes, in the amount of $2,000,000 [Question 14] | $1,000,000 [Question 15] |

Plaintiffs respectfully request that the Court grant final judgment based on the jury's verdict, with punitive damages for violations of federal law reduced according to statutory caps provided in the Civil Rights Act of 1991, 42 U.S.C. § 1981a, and all other amounts awarded according to the jury's verdict. Moreover, Plaintiffs respectfully request the Court approve the final judgment set forth in Exhibit A (Plaintiffs proposed Final Judgment in a Civil Action).

II.  ANALYSIS

    A.  General Legal Standard

Rules 54 and 58 of the Federal Rules of Civil Procedure govern the general legal standard applicable here for granting final judgment. Rule 54(c) provides that: "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings. Every other final judgment should grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings." *See also* Fed. R.Civ. P. 54(c), Notes of Advisory Comm. on Rules – 1937 ("[Rule 54(c)] makes clear that a judgment should give the relief to which a party is entitled, regardless of whether it is legal or equitable or both."). Rule 58(b)(2) provides that: "the court must promptly approve the form of the judgment, which the clerk must promptly enter, when: (A) the jury returns a special verdict or a general verdict with answers to written questions . . .." *See also Allapattah Servs., Inc. v. Exxon Corp.*, 157 F. Supp. 2d 1291, 1304 (S.D. Fla. 2001) ("[A] court may only enter a judgment consistent with the jury's verdict."), *aff'd,* 333 F.3d 1248 (11th Cir. 2003), *aff'd sub nom. Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546 (2005).

As set forth in detail below, the Court should enter a final judgment consistent with the jury's verdict, except for punitive damages as to violations of federal law, which must be reduced to statutory limit amounts, pursuant to the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

B.      Statutory Caps

The Civil Rights Act of 1991, 42 U.S.C. § 1981a, allows for award of compensatory damages and punitive damages for violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq* ("Title VII"). *See generally Kolstad v. Am. Dental Ass'n*, 527 U.S. 526, 538 (1999); *see also EEOC v. W&O, Inc.*, 213 F.3d 600, 611 (11th Cir. 2000) ("As part of the 1991 enactments, Congress added a provision permitting Title VII plaintiffs to recover compensatory and punitive damages where the defendant 'engaged in unlawful intentional discrimination' prohibited by Title VII."). The Civil Rights Act of 1991, 42 U.S.C. § 1981a, also sets forth statutory limits for the "sum of the amount of compensatory damages . . . and the amount of punitive damages awarded under [Title VII]."

Florida state law also allows for recovery of compensatory and punitive damages for assault and battery. *Loos v. Club Paris, LLC*, 684 F.Supp.2d 1328, 1335-36 (M.D. Fla. 2010) (stating compensatory damages may be awarded for civil battery under Florida law); *Myers v. Central Florida Investments, Inc.*, 592 F.3d 1201, 1205 (11th Cir. 2010) (affirming judgment based on jury verdict awarding punitive damages for battery under Florida state law). Unlike 42 U.S.C. § 1981a, however, Florida state law does not cap the amount of compensatory damages; rather "[t]he standard of review for awards of compensatory damages for intangible, emotional harm is deferential to the fact finder because the harm is subjective and evaluating it depends considerably on the demeanor of the witnesses." *Bogle v. McClure,* 332 F.3d 1347, 1359 (11th Cir. 2003).

With respect to punitive damages, Florida law provides that punitive damages shall not exceed "[t]hree times the amount of compensatory damages awarded to each claimant entitled thereto." Fla. Stat.

§ 768.73(a).[1]  Based on these applicable statutory cap provisions, the only awards that must be reduced are awards to Plaintiff-Intervenors for punitive damages based on Title VII.

      C.      <u>Statutory Caps Should Limit Only Punitive Damages For Title VII Violations</u>

The jury awarded each Plaintiff-Intervenor $2,000,000 in punitive damages for violations of Title VII. *See* D.E. # 27 (Court Order finding Moreno Farms liable for violations of Title VII and ordering "a jury trial with respect to damages" on the same); D.E. # 43 (Verdict Form stating written question to the jury: "That punitive damages should be assessed against Moreno Farms for sexually harassing [Plaintiff-Intervenor], and for discharging [Plaintiff-Intervenor] on the basis of her sex and in retaliation for opposing sexual harassment"; and setting forth awards for punitive damages for violations of Title VII). However, each aggrieved Plaintiff-Intervenor may receive only an award up to the statutory cap of $300,000, which is the maximum amount allowed for punitive (and compensatory) damages for each aggrieved individual under the Civil Rights Act of 1991, 42 U.S.C. § 1981a(b)(3)(D). *See EEOC v. W&O, Inc.*, 213 F.3d 600, 614 (11th Cir. 2000) (finding "§ 1981a to permit recovery up to the statutory cap for each aggrieved party represented by the EEOC").

The maximum damages cap of $300,000, which applies in cases where defendant-employers have more than 500 employees, as opposed to lower caps corresponding to employers with less employees, should be applied here, as defendant-employer bears the burden of establishing the prerequisites for capping the award (*i.e.,* for establishing a lower number of

---

[1] Florida also provides for punitive damage awards to be uncapped. "Where the fact finder determines that at the time of injury the defendant had a specific intent to harm the claimant and determines that the defendant's conduct did in fact harm the claimant, there shall be no cap on punitive damages." Fla. Stat. § 768.73(c). While Plaintiffs believe uncapped punitive damages would be allowed in this case, there is no need to decide this since the awards do not exceed limits allowed under section (a) of Fla. Stat. § 768.73.

employees) and has failed to carry its burden by virtue of its failure to defend this action. *See Hernandez-Miranda v. Empresas Diaz Masso, Inc.*, 651 F.3d 167, 176 (1st Cir. 2011) ("The applicability of the caps is not an element of the Title VII claim. Instead, the defendant employer must affirmatively move to impose the cap and to present relevant evidence."); *id.* at 175-76 ("[I]t is [defendant employer] who bears the burden of establishing the prerequisites for capping the award."); *Soto v. LCS Corr. Servs., Inc.*, No. 12-130, 2013 WL 4012627, at *7 (S.D. Tex. Aug. 5, 2013) ("Ultimately, it is the defendant employer seeking to impose a Section 1981a(b)(3) cap on punitive damages that bears the burden of proving that it employed fewer than the requisite number of employees."); *Geraty v. Vill. of Antioch*, No. 09-6992, 2014 WL 5801440, at *7 (N.D. Ill. Nov. 7, 2014), ("A defendant bears the burden of proof in establishing the number of employees for the purposes of establishing entitlement to a Title VII damages cap."), *reconsideration denied*, No. 09-6992, 2015 WL 127917 (N.D. Ill. Jan. 8, 2015); *see also Singleton v. Dep't of Corr.*, 277 F. App'x 921, 923 (11th Cir. 2008) ("[T]he burden of establishing an affirmative defense lies on the defendant."). Accordingly, the awards of punitive damages should be incorporated into the final judgment, and capped in the amount of $300,000 for each Plaintiff-Intervenor.

The jury also awarded each Plaintiff-Intervenors compensatory damages in amounts equal or greater than $350,000, for "emotional pain and mental anguish" resulting both from Title VII violations and proof of the state-law torts of assault and battery. *See* D.E. # 27 (Court Order finding Moreno Farms liable for violations of Title VII and state law claims for assault and battery and ordering a jury trial with respect to damages on the same); D.E. # 43 (Verdict Form stating written question to the jury as to each Plaintiff-Intervenor: "That [Plaintiff-Intervenor] should be awarded damages to compensate for emotional pain and mental anguish").

If any part of these compensatory damage awards were apportioned to the Title VII claims, that part would have to be set aside because, as noted *supra*, the $300,000 per Plaintiff-Intervenor cap for compensatory *and* punitive damages has already been reached. But the jury was not instructed to, and did not apportion compensatory damages between the state-law and Title VII claims, nor would it have been proper for the jury to do so given that that harm from both claims was inseparable. *See Bradshaw v. Sch. Bd. of Broward Cnty., Fla.*, 486 F.3d 1205, 1207 (11th Cir. 2007) ("[Plaintiff's] award is limited only by the *combined* effect of state *and* federal law limits on damages. The jury was not instructed to apportion its award of damages between [plaintiff's] federal law and state law claims, which is as it should be. . . . the very same conduct violates both statutes."). The Court should therefore award that portion of the compensatory damages awards that would be limited by the Title VII damages cap—which is in this case the jury's entire compensatory damages award—to the state law claims. *Id.* at 1207-08 ("So if Title VII cannot remedy the full extent of her injury because of its damage cap, then the remaining portion of [plaintiff's] injury should be remedied as much as possible under the [state law], and vice versa."); *accord Passantino v. Johnson & Johnson Consumer Prods., Inc.*, 212 F.3d 493, 510 (9th Cir. 2000) ("[C]ompensatory damages allocated by the court to claims other than Title VII claims should not be subject to Title VII's cap . . . . Neither § 1981 nor Title VII was intended to force plaintiffs to choose between remedial statutes."). Thus, the entire award for compensatory damages for each Plaintiff-Intervenor should be apportioned to the state law tort claims. Plaintiffs should therefore be awarded the amounts set forth in the jury's verdict, because, under these circumstances, neither federal law nor Florida law operates to limit the compensatory damages awards.

Similarly, there is no need to reduce the separate punitive damages awards for state law assault and battery because those awards do not exceed statutory limits provided by Fla. Stat. § 768.73(a), which is "[t]hree times the amount of compensatory damages awarded to each claimant entitled thereto."  Three times the lowest amount of compensatory damages awarded is $1,050,000.  Here, none of the punitive damages award for claimants exceeded that amount, as they were all awarded $1,000,000.

III.    CONCLUSION

WHEREFORE based on the foregoing, Plaintiffs respectfully request the Court grant a final judgment for the following damages amounts for each Plaintiff-Intervenor, and to approve the proposed judgment as shown on Exhibit A:

|  | Compensatory Damages | Punitive Damages for Violations of Federal Law | Punitive Damages for Violations of State Law | Total |
|---|---|---|---|---|
| Ligia Martinez | $350,000 [Question 1] | $300,000 [Question 2; reduced to maximum cap] | $1,000,000 [Question 3] | $1,650,000 |
| Maria Aguilar | $750,000 [Question 4] | $300,000 [Question 5; reduced to maximum cap] | $1,000,000 [Question 6] | $2,050,000 |
| Brigida Gomez-Velazquez | $500,000 [Question 7] | $300,000 [Question 8; reduced to maximum cap] | $1,000,000 [Question 9] | $1,800,000 |
| Sandra Lopez | $450,000 [Question 10] | $300,000 [Question 11; reduced to maximum cap] | $1,000,000 [Question 12] | $1,750,000 |
| Ana Francisco | $375,000 [Question 13] | $300,000 [Question 14; reduced to maximum cap] | $1,000,000 [Question 15] | $1,675,000 |

| | |
|---|---|
| Date: September 23, 2015 | RESPECTFULLY SUBMITTED, |
| | |
| s/ Beatriz Biscardi Andre | /s/ Victoria Mesa-Estrada |
| Beatriz Biscardi Andre | Victoria Mesa-Estrada |
| Trial Attorney | Florida Bar Number 076569 |
| New York Bar No. 4394599 | 508 Lucerne Avenue |
| Tel: 305-808-1753 | Lake Worth, Florida 33460-3819 |
| Fax: 305-808-1835 | e-mail: Victoria@mesacoelaw.com |
| beatriz.andre@eeoc.gov | Telephone: (561) 880-8062 |
| | Facsimile: (561) 828-8359 |
| /s/ Daniel Seltzer | |
| Daniel Seltzer | /s/ Gregory S. Schell |
| Trial Attorney | Gregory S. Schell |
| New York Bar. No. 5081179 | Florida Bar Number 287199 |
| Massachusetts Bar No. 680997 | e-mail: Greg@Floridalegal.Org |
| Tel: 305-808-1786 | FLORIDA LEGAL SERVICES, INC. |
| Fax: 305-808-1835 | 508 Lucerne Avenue |
| daniel.seltzer@eeoc.gov | Lake Worth, Florida 33460-3819 |
| U.S. Equal Employment Opportunity Commission | Telephone: (561) 582-3921 |
| | Facsimile: (561) 582-4884 |
| Miami District Office | *Attorneys for Plaintiff-Intervenors* |
| 100 S.E. 2nd Street, Suite 1500 | |
| Miami, Florida 33131 | |
| *Attorneys for Plaintiff EEOC* | |

## CERTIFICATE OF SERVICE

I hereby certify that on September 23, 2015, I electronically filed the foregoing Motion with the Clerk of the Court using CM/ECF.

s/ Beatriz B. André

Beatriz B. André